UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

John S. Briand

      v.                       Case No. 09-cv-003-SM

City of Berlin, et al.

O R D E R

    While I agree with Magistrate Judge Arenas's thorough legal analysis in the main, I take a slightly different view of the complaint and record.  Law enforcement officers are generally allowed to enter homes without a warrant in order to assist in an emergency or protect someone in the home from imminent injury, assuming a reasonable basis to think such a circumstance exists.  While plaintiff's complaint may prove weak in the end, on the current record I do not find a solid basis upon which to identify what reasonable bases the officers had for thinking an emergency existed in Briand's home, or that someone inside required assistance or protection.  It may well be that that was the case, but the complaint does not suggest it, and, taking the allegations in the complaint as true, I cannot say that the facts pled lend themselves to no viable theories of recovery, or that plaintiff is not entitled to offer evidence in

support of his claims.  See generally Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Garnier v.Rodriquez, 506 F.3d 22, 26 (1st Cir. 2007).  I do not agree that plaintiff "concedes that the officers entered his house to take him into protective custody," under applicable state law.  The complaint is to the contrary.  While it is conceivable that the officers had no legitimate basis for entering Briand's home in the absence of a warrant , or permission, the problem here is that the record does not disclose a legitimate basis for the initial entry and plaintiff claims there was none.

Whether the officers employed excessive force is generally an issue of fact, though often such claims can be determined on summary judgment motions. Plaintiff has, initially at least, alleged sufficient facts in support of his excessive force claim to at least permit him to go beyond dismissal upon initial review.

Finally, because I find that plaintiff may proceed with his federal unlawful entry and excessive force claims, the court will also retain jurisdiction, at this stage, of the litigation, over his state law claims.

Except as noted above, the Magistrate Judge's Report and Recommendation is approved.  That is, plaintiff may proceed on his federal claims of illegal entry and excessive force, and his state law claims of assault as to the officers and respondeat superior liability (relative to the City of Berlin), and property loss (presumably on a

negligence theory).

Without commenting on the merits of the complaint, I find that plaintiff has stated claims upon which relief might be granted. Accordingly, the complaint shall be served on Defendants, Arsenault, Godin, and the City of Berlin. Plaintiff shall prepare summonses for each defendant named and submit them to the Clerk's office within thirty (30) days of the date of this order. Upon receipt of the completed summons forms, the Clerk's office shall issue the summonses and forward same to the United States Marshal for the District of New Hampshire along with copies of the complaint (document no. 1), Magistrate Judge Arenas's Report and Recommendation (document no. 5), plaintiff's objections (document nos. 6 and 7), and this order, for service upon defendants. Fed. R. Civ. P. 4(c)(2). Service on defendants Arsenault and Godin shall be made on the individual. Fed. R. Civ. P. 4(e). Under state law, service on the City of Berlin is to be made upon the major or an alderman and the City Clerk. See N.H. Rev. Stat. Ann. 510:10.

Defendants shall file an answer or other responsive pleading within twenty (20) days after service of process has been effected. Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5 (b).

SO ORDERED.

Dated:   June 24, 2009

                                                 _____
                                                 Steven J. McAuliffe
                                                 Chief Judge

cc:     John S. Briand, pro se